THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RANDELL B. NEALY, | CASE NO. C22-0136-JCC |
| Plaintiff, | ORDER |
| v. | |
| VETERANS AFFAIRS HOSPITAL, | |
| Defendant. | |

On February 9, 2022, the Honorable Brian A. Tsuchida, United States Magistrate Judge, granted Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 1.) Plaintiff filed a Federal Tort Claims Act ("FTCA") action alleging medical malpractice against the United States of America and Seattle Veterans Affairs Hospital ("VAH") for care received at the VAH between late 2016 and April 2019. (Dkt. No. 5.) Specifically, the complaint alleges that VAH made diagnostic errors while treating Plaintiff's gastrointestinal ailment. (*Id.* at 14.) Plaintiff seeks $342,000 in damages from Defendants for two and half years of pain and suffering due to various significant physical symptoms he allegedly suffered. (*Id.*)

The Court must dismiss before service a complaint filed *in forma pauperis* if it "fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii) (section numbering omitted); *see Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000).

Under the doctrine of sovereign immunity, the United States is immune from suit for damages except where Congress has expressly waived its immunity. *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). Sovereign immunity can be a perplexing concept for those unfamiliar with it, because it contradicts the general principle that people can sue those who injure them.

The FTCA contains a limited waiver of sovereign immunity. *See* 28 U.S.C. § 1346(b). It provides federal district courts with exclusive jurisdiction over civil actions for damages against the United States for injuries caused by the negligent or wrongful conduct of its agents or employees acting within the scope of their employment to the extent that a private party would be liable under state law. 28 U.S.C. § 1346(b)(1). Under 38 U.S.C. § 7316(a), the FTCA is the exclusive remedy for negligence or medical malpractice claims associated with treatment from Veterans Health Administration health care personnel. *See Tunac v. United States*, 897 F.3d 1197, 1204–05 (9th Cir. 2018); *Cavezza v. Metcalf*, 260 F. Supp. 3d 823, 827 (E.D. Ky. 2017). The United States is the proper defendant in such cases. *Id.*

However, "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Before filing suit against the Government, a plaintiff must present an administrative tort claim to the "appropriate federal agency" within two years after the claim accrues. 28 U.S.C. §§ 2401(b), 2675(a). If that agency denies the claim in writing or fails to dispose it of within six months, the claimant can initiate a federal action. 28 U.S.C. § 2675(a).

Here, Plaintiff fails to show that he has provided written notice of his claims to the Department of Veterans Affairs, or that the agency denied his claim in writing, or failed to dispose of his claim within six months of filing. Accordingly, the Court must dismiss Plaintiff's complaint under § 1915(e), because, until Plaintiff exhausts his administrative remedies, his lawsuit seeks relief against a defendant that is immune.

For the foregoing reasons, Plaintiff's complaint (Dkt. No. 5) is DISMISSED without prejudice, and his motion to appoint counsel (Dkt. No. 6) is DENIED as moot.

DATED this 14th day of February 2022.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C22-0136-JCC
PAGE - 3