THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RANDELL B. NEALY, | CASE NO. C22-0136-JCC |
| Plaintiff, | ORDER |
| v. | |
| VETERANS AFFAIRS HOSPITAL, | |
| Defendant. | |

This matter comes before the Court on Plaintiff Randell Nealy's motion to reconsider the Court's February 14, 2022 order (Dkt. No. 9). Having thoroughly considered Mr. Nealy's motion, along with the relevant record, the Court GRANTS the motion and VACATES the Court's prior order and judgment (Dkt. Nos. 7, 8) dismissing Mr. Nealy's complaint.

I.   BACKGROUND

On February 9, 2022, the Honorable Brian A. Tsuchida, United States Magistrate Judge, granted Mr. Nealy's motion to proceed *in forma pauperis*. (Dkt. No. 1.) The Court then screened Mr. Nealy's complaint under 28 U.S.C. § 1915(e) and dismissed it without prejudice because it appeared that Mr. Nealy had not exhausted his administrative remedies as required under the Federal Tort Claims Act. Mr. Nealy later submitted documents related to his exhaustion of administrative remedies, (Dkt. No. 9), which the Court interprets as a motion for reconsideration.

## II. DISCUSSION

### A. Legal Standard

The Court must dismiss before service a complaint filed *in forma pauperis* if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Regarding failure to state a claim, a complaint must be dismissed if it does not contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations contained in the complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal is also proper if the complaint lacks a cognizable legal theory or states insufficient facts to support one. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). And in general, *pro se* complaints are read liberally. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Still, § 1915(e) "not only permits but requires" dismissal of an *in forma pauperis* complaint that fails to state a claim. *Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000).

### B. Analysis

The documents Mr. Nealy submitted seemingly establish that he has exhausted his administrative remedies with the Department of Veterans Affairs. *See* 28 U.S.C. §§ 2401(b), 2675(a) (setting forth exhaustion requirements). Specifically, Mr. Nealy's February 2021 claim form indicates that his injury occurred in March 2019, (Dkt. No. 9 at 6–7), well within the two-year period for filing an administrative claim. *See* 28 U.S.C. § 2401(b). The Department then denied his claims in May 2021, (Dkt. No. 9 at 8), and he filed suit, (*see* Dkt. No. 1), within six months of his request for reconsideration of that denial, (*see* Dkt. No. 9 at 10). Therefore, his action appears to be properly before the Court. *See* 28 U.S.C. §§ 2401(b) (federal lawsuit must be filed within six months of agency denial), 2675(a) (agency's failure to dispose of a claim within six months is a constructive denial); 28 C.F.R. § 14.9(b) (filing administrative appeal tolls

the six-month limitations period until either the agency responds or six more months pass). But exhaustion is just one potential hurdle for Mr. Nealy's complaint.

In order to state a claim for relief under the Federal Tort Claims Act, Mr. Nealy's allegations must establish medical negligence under state law. *See* 28 U.S.C. § 1346(b)(1). In Washington, medical malpractice is a statutory cause of action. *See* RCW 7.70.030(1). In accordance with the statute, a plaintiff must prove that the health care provider failed to exercise the degree of care of a reasonably prudent health care provider and that such failure was a proximate cause of the plaintiff's injuries. RCW 7.70.040.

In his complaint, Mr. Nealy alleges that VA healthcare providers negligently failed to diagnose a parasitic infection for about two years. (Dkt. No. 5 at 5.) During this time, Mr. Nealy allegedly made numerous complaints to the medical providers at the Veterans Affairs Hospital ("VAH") and made two trips to the emergency room. (*See id.* at 14.) According to a letter from Mr. Nealy's caregiver, Cheryl Shembrie (which "was penned by Randell Nealy"), in March 2019, Mr. Nealy decided to get a second opinion from Overlake Medical doctors. (*Id.* at 12–13.) They did ordinary "by the book" testing and discovered a "parasitic infestation of Cryptosporidia [sic] and Nova Virus [sic]." (*Id.* at 14.)[1] And because the parasitic infection had remained undiagnosed, he lost significant weight and suffered intestinal and other physical discomforts. (*See id.* at 5, 14.) At this stage, the Court must treat these allegations as true, resolve ambiguities in Mr. Nealy's favor, and construe his *pro se* pleadings liberally. *See Kneivel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005); *Erickson*, 551 U.S. at 93. Accordingly, Mr. Nealy sufficiently alleges a claim of medical malpractice.

As mentioned in this Court's prior order, the proper defendant for this case is the United States—not the hospital itself. (*See* Dkt. No. 7 at 2 (citing 38 U.S.C. § 7316(a).)

//

---

[1] The Court believes Mr. Nealy intends to describe cryptosporidium, a single-celled parasitic organism, and norovirus, a contagious virus, both of which cause gastrological distress.

ORDER
C22-0136-JCC
PAGE - 3

### III.     CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is GRANTED and it is hereby ORDERED as follows:

1. The Court's prior order and judgment (Dkt. Nos. 7, 8) are VACATED.

2. The United States of America is SUBSTITUTED as the defendant in this matter in place of VAH, and the Clerk is DIRECTED to update the docket accordingly.

3. Plaintiff is ORDERED to file a corrected summons, providing for service on the United States at the United States Attorney's Office for the Western District of Washington. *See* Fed. R. Civ. P. 4(*i*)(1)(A)(i).

4. Upon receipt of the corrected summons, the Clerk is DIRECTED to forward to the U.S. Marshal Service the instructions for service, a copy of the complaint, summons, and this order. The U.S. Marshal Service shall serve these materials on the United States within 30 days of receipt from the Clerk.

DATED this 25th day of March 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE